UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LELAND DUDEK, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 25CV1148-BLM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 2]** |

　　　The instant matter was initiated on May 6, 2025 when Plaintiff filed a complaint seeking review of the Commissioner's decision to deny Plaintiff's application for Title II Social Security Disability Insurance benefits for lack of disability. ECF No. 1 at 1. That same day, Plaintiff filed an Application To Proceed In District Court Without Prepaying Fees or Costs. ECF No. 2. Plaintiff has not established that he is unable to pay the $405 filing fee without impairing his ability to pay for life's necessities. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**.

**Application to Proceed in District Court without Prepaying Fees or Costs**

　　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or

security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not satisfied his burden of demonstrating that he is entitled to IFP status. According to his affidavit in support of application, Plaintiff is not employed but receives $4,767 per month in VA disability benefits. ECF No. 2 at 1. Plaintiff has $4000-$6000 in cash or in a checking or savings account and owns a 2017 Dodge Caravan. Id. at 2. Plaintiff has no dependents who rely on him for support. Id. at 2. Plaintiff spends approximately $800 per month on rent, $298 per month in car payments, and $1000 per month on living expenses. Id. at 1-2. Plaintiff's monthly expenses total $2098. Id.

Although Plaintiff is not employed, he owns a vehicle, has $4000-$6000 in cash or banking accounts, and his monthly income exceeds his monthly spending. Id. Based upon the foregoing, the Court finds that Plaintiff has not established that he is unable to pay the $405 filing fee without impairing his ability to pay for life's necessities.

## CONCLUSION

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**. No later than **May 28, 2025**, Plaintiff must pay the $405 filing fee. If Plaintiff fails to do so, the Court will dismiss the Complaint and close the case.

**IT IS SO ORDERED**.

Dated: 5/7/2025

Hon. Barbara L. Major
United States Magistrate Judge